■ ELLEN R. SAMUELS, Appellant, v JOHN S. SAMUELS, III, Respondent, et al., Defendants. — Order entered June 6, 1983 in Supreme Court, New York County (Hortense Gabel, J.), unanimously reversed, on the law, and plaintiff's motions for an order pursuant to CPLR 5225 (subd [a]) are granted, with costs. ¶ Under four judgments not at issue here, plaintiff is owed about one million dollars by defendant. In an attempt to find assets to levy upon, plaintiff secured a court-ordered examination of the judgment debtor, during which defendant admitted ownership and possession of a sizeable number of shares in Carbomin Group, Inc. and SPS Industries. The judgment debtor's financial statement and sworn statement of net worth corroborate his title to these shares, as well as revealing an interest in the ICM Missouri Corp. ¶ By two separate motions, plaintiff submitted this documentation to Special Term and moved pursuant to CPLR 5225 (subd [a]) for an order compelling the defendant to deliver to the Sheriff of Nassau County these stock certificates. In opposition, judgment debtor submitted an affidavit of counsel which alleged that the stock had been previously pledged to the American Bank and Trust Company as security for unspecified "various transactions." Counsel further stated that the Federal Deposit Insurance Corporation, as receiver of the American Bank, had secured a judgment against defendant which amounted to a perfected security interest in the stock, in preference to plaintiff. These bald assertions were supposedly evidenced by a formbook security instrument, signed only by the judgment debtor, and without reference to any bank, much less any reference to collateral. ¶ We perceive no circumstances here that justify a departure from the explicit direction of CPLR 5225 (subd [a]) that the court "shall order that the judgment debtor pay" or, in this case, turn over "any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff." ¶ Contrary to Special Term's view, the granting of plaintiff's motions would in no way impair the rights, if any, of the

Federal Deposit Insurance Corporation, which is amply protected, if that purported judgment creditor wishes to enforce its alleged interest, by other procedures available under the CPLR. (See CPLR 5234, subd [c]; 5239.) Concur — Murphy, P. J., Sandler, Carro and Milonas, JJ.